IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Chepiel Sanchez | ) | Case No. _____ |
| Petitioner | ) | Crim No. 02-10261- RWZ |
| v. | ) | Judge Rya Zobel |
| United States of America | ) | |
| Respondent | ) | Motion to Vacate Conviction and |
| | ) | Sentence under 28 USC Section 2255 |

Now comes Chepiel Sanchez (hereinafter Petitioner), acting pro se, and moves to vacate his conviction and sentence under 28 U.S.C. section 2255, which provides:

> A prisoner in custody under sentence of a Court
> established by act of congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of The United States... may move the court
> which imposed the sentence to vacate, set aside, or
> correct the sentence.

The grounds relied upon are set forth in a brief in support of said motion which is attached hereto and incorporated herein reference.

Respectfully Submitted

*[signature]*

Chepiel Sanchez
24454-038
Case No. 02-10261-RWZ
FCI Otisville
P.O. Box 1000
Otisville, NY   10963

(1)

## Brief

On September 12, 2002, A Federal Grand Jury returned an Indictment against Chepeil Sanchez. Alleging conspiracy to distribute heroin in excess of 100 grams (count 1), distribution of heroin (counts 2,3,5,6,7,8, and 10), and aiding and abetting in the distribution of heroin (counts 4 + 9). At arraignment petitioner entered a plea of "not guilty". On January 9, 2003 petitioner was brought before the Court for a change of plea, and, after a Rule 11 hearing, the Court accepted his guilty plea to all counts of the indictment. There was no plea agreement in this case. After several delays in sentencing a hearing was set for June 13, 2003.

After the sentencing hearing on June 13, 2003 petitioner was sentenced to 210 months in prison with four (4) years of supervised release, and a special assessment of one thousand dollars ($1000.00).

Petitioner filed a timely notice of appeal on June 16, 2003. On September 17, 2004 the Court of Appeals vacated the District Courts sentence and remanded for re-sentencing. The Appeals Court also ordered the remand "without prejudice" to any "Blakely Claims".

After remand the District Court held re-sentencing until after the Supreme Court ruled in United States v. Booker. The re-sentencing was finally held on February 23, 2005. Petitioner was given a sentence of one hundred fifty six months (156 mo) in prison with four (4) years of Supervised release and a special assessment of one thousand dollars ($1000.00). Petitioner filed a timely notice of appeal. On March 14, 2006 the Appeals Court denied in whole Petitioners direct appeal. Therefor this 2255 motion is being filed in a timely manner.

(2)

## ARGUMENTS

In this petition I am only arguing one issue. I'm currently in the process of challenging the constitutionality of several of my prior convictions in the State Court. I'm in the process of trying to prove the State Court convictions are not valid under State and Federal Law.

Since it is the First Circuits opinion that a timely 2255 must be filed and a request to put said motion in abeyance until the State procedings are completed. Then to procede with said Motion.

I'm asking that you accept this 2255 Motion as timely and grant my Motion to put this in abeyance. I'm also asking that upon completion of my State challenges, if successful, you allow me to supplement this Motion, in accordance to the relating back doctrin.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing this 12th day of MARCH 2007, was served upon the following:

John Wortmann Sr esq

Assisstant United States Attorney

John Joseph Moakley Federal Court House

Clerk of Courts

1 Courthouse Way , Suite 926

Boston, Massachusetts          02210


Chepeil Sanchez
Case No. 02-10261-RWZ
Reg No. 24454-038
FCI Otisville
P.O. Box 1000
Otisville, NY    10963